MURRAY, J.,
Concurs In Part With Reasons.
|,As the majority finds, the exception to res judicata codified in La. R.S. 13:4232(A) must be applicable to this case, which is exceptional both procedurally and substantively.
Substantively, the civil remedy the plaintiffs are seeking to pursue is a unique one. Indeed, a commentator has labeled the remedy as a “comptort” — the remedy available for injuries arising out of a workplace setting that are not covered by the Workers’ Compensation Act because of either legislative or judicial narrowing of the compensation remedy. H. Alston Johnson, Developments in the Law 1993-1991: A Faculty Symposium, Workers’ Compensation, 55 La. L.Rev. 665, 675, n. 63 (1995); see also Thomas C. Galligan, Jr., A Primer on the Patterns \ yof Louisiana Workplace ToHs, 55 La. L.Rev. 71, 93, n. 83 (1994). In this case, the narrowing that gave rise to the comptort the plaintiffs seek to pursue was the Legislature’s enactment of an elevated burden of proof for heart-related or perivascular injuries. La. R.S. 23:1021(8)(e). Alluding to the existence of a comptort in this setting, the Louisiana Supreme Court in Charles v. Travelers Ins. Co., 627 So.2d 1366, 1372, n. 17 (La.1993), commented that the Legislature’s action in increasing the plaintiffs’ burden of proving a compensation claim for heart attacks and strokes “may have the result, albeit unintended, of exposing some employers, in those cases where the plaintiff can prove the elements of his claim, to the more financially harsh tort liability for those heart attacks and strokes now excluded from compensation coverage.” Id.
In O’Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124, the Supreme Court addressed a similar *795 issue. In that case, the plaintiff was a laundry worker who contracted an occupational disease. Because the plaintiff was employed for only four months (less than twelve months), she was statutorily presumed to have a nonoccupational disease and subject to a higher burden of proof. La. R.S. 23:1031.1(D). Relying solely on the presumption that a short-term employee’s disease is nonoccupational, the majority found the plaintiff was entitled to pursue a tort claim. The majority opinion in O’Regan, as Baumer Foods points out in its brief, expressly declined to address the issue noted in footnote 17 in Charles, supra., and distinguished a presumption that eliminates certain employees from workers’ compensation benefits, La. R.S. 23:1031.1(D), from a statutory provision that imposes a higher burden of proof, such as La. R.S. 23:1021(8)(e). In contrast, the concurring opinion in ORegan, by former Justice Lemmon, focused on the Legislature’s imposition of a heightened burden of proof as the basis for finding the laundry worker had a tort claim; Justice Lemmon explained:
IsThe thing that makes this case different is the higher burden of proof (especially when combined with the presumption of non-causation). An employee who can prove employment-rooted causation of a covered occupational disease by a preponderance of the evidence, but cannot prove that causation by clear and convincing evidence (the interpretation of “an overwhelming preponderance of the evidence” by the court of appeal in this case), has been denied a remedy under the Act because the Legislature has eliminated that employee’s compensation remedy by raising the burden of proof. Such an employee therefore is entitled to a remedy in tort.
O'Regan, 758 So.2d at 141 (Lemmon, J., concurring). He thus concluded that “[sjince the Legislature never gave this employee a chance to prove causation by a simple preponderance of the evidence, she has been denied a remedy under the Workers’ Compensation Act, and the tort remedy is therefore available to her if she can prove causation (and negligence) by a preponderance of the evidence.” Id.
By analogy, the plaintiffs in this case do not have a compensation claim against Baumer Foods and Task Force because they cannot satisfy the heightened burden of proof by clear and convincing evidence that Mrs. Simmons’ heart attack was com-pensable under La. R.S. 23:1021(8)(e). Because the Legislature has eliminated the plaintiffs’ compensation remedy by raising the burden of proof, they are entitled to a remedy in tort.
Procedurally, until the WCJ found the plaintiffs could not satisfy the heightened burden of proof for a compensation claim, they were barred by the workers’ compensation exclusivity rule from pursuing a tort claim. Due to the limited jurisdiction of the respective forums (CDC and OWC), the plaintiffs were precluded from cumulating their tort and workers’ compensation claims. See O'Regan, 758 So.2d at 141 n. 4 (Lemmon, J., concurring)(observing that “[ujnder the present jurisdiction rules, these [tort and workers’ compensation benefits] demands could not be cumu-lated in the present action.”) The plaintiffs were required to bring each claim in a different forum. Although the plaintiffs have done so, they have had their claim dismissed in both forums. Neither forum [4reached the merits of the plaintiffs’ claim that the employer was negligent in failing to administer first aid and failing to call for emergency help. The plaintiffs thus have not had the opportunity to litigate their claim in any forum.